No. 3716.—JOSEPHINE MAYER et al. *v.* L. B. DAYRIES et al.

The parish court is without jurisdiction *ratione materiæ* to grant an injunction to stay the sale of property where a succession is defendant in the suit, and the amount involved is above five hundred dollars.

APPEAL from the Parish Court, parish of West Feliciana. *H. S. Welton,* Parish Judge. *A. Trudeau* and *Thomas Butler,* for plaintiffs and appellants. *Samuel J. Powell,* for defendants and appellees.

LUDELING, C. J. After the plaintiffs had obtained an order of seizure and sale against certain property belonging to the succession of Caleb Chinn, and had seized and advertized it for sale, the administrator of the said succession obtained an order to sell the steam engine and machinery attached to the plantation which had been previously seized under the order of seizure and sale.

The plaintiffs thereupon obtained an injunction from the parish court to stop the proceedings under the order obtained by the administrator. In their petition for the injunction, the plaintiffs allege that the engine and machinery is worth over five hundred dollars.

The parish judge dissolved the injunction on the ground that the matter in dispute exceeded five hundred dollars, and the court was without jurisdiction *ratione materiæ.* The ruling was correct. The matter in dispute, the engine and machinery, exceeds in value five hundred dollars, and a succession is defendant in the suit. Constitution, art. 87; 21 An. 455, 478, 610, 616; 22 An. 81, 517, 593.

The question is not whether or not the parish judge can annul an illegal order made by him, but whether the parish court can issue an injunction and try the rights of the parties to that injunction suit, when the matter in dispute exceeds five hundred dollars, and a succession is a party defendant to the suit? We think not.

The question involved in the injunction suit is, whether or not the engine and machinery which, it is alleged, is immovable by destination by being attached to the plantation for its use, is affected by the mortgage of the plaintiffs on the plantation, and consequently by the seizure of the plantation under the executory process? The plaintiffs hold the affirmative of this proposition, while the succession disputes it.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed, with costs of appeal.

WYLY, J., *dissenting.* The plaintiffs had judgment in the district court against the succession of Caleb Chinn, for a large amount, recognizing and rendering executory their mortgage on the property described in the act of mortgage. While the property was under seizure

Josephine Meyer et al. v. Dayries et al.

to satisfy said judgment and mortgage by virtue of a writ from the district court, the administratrix of the succession of Caleb Chinn obtained from the parish court an order to sell a certain steam engine and fixtures on the mortgage premises, being part of the property then under seizure. In order to arrest this interference and conflict of authority, the plaintiffs applied to the parish court to revoke the order interfering with the prior seizure under the process of the district court, and also for the conservatory remedy of injunction to stay proceedings in the meantime.

The parish court granted the writ; but when the case came to be heard, dissolved the injunction and dismissed the demand of the plaintiffs with one hundred dollars damages, on the ground that the court was without jurisdiction *ratione materiœ*, the value of the engine and fixtures exceeding five hundred dollars. From this judgment the plaintiffs appeal.

The matter in dispute is not the engine and fixtures; no one sets up adverse claim to it; both parties agree that it belongs to the succession, and ought to be sold to pay debts. The contest is simply as to the manner of sale. Shall the property be sold at probate sale, or shall it be sold with the mortgaged premises to which it is attached, under the judgment of the district court, recognizing the mortgage bearing on it in favor of the plaintiffs? Both forms of sale are legal; but the question was whether the order of the parish court was not improvident at the time, inasmuch as the property was already under seizure by the writ of a competent court, to satisfy the claim of acknowledged and recognized mortgage creditors.

Now, whether the engine and fixtures are worth five hundred dollars or five thousand dollars, is of no consequence. It being succession property and at the same time mortgaged property, either court had jurisdiction to order the sale.

Now if the parish court had authority to order the sale, as it undoubtedly had, it certainly had authority to reconsider and to revoke that order. It likewise had authority to suspend the execution of the order by injunction, pending the examination and trial of the question. It would be absurd to say that the court has jurisdiction to sell the property because it belongs to the estate of Chinn, but it has not jurisdiction to suspend the execution of the order by injunction till it can hear an application to revoke the order. If it can grant the order and if it can revoke the order, it certainly can suspend its execution by the mandate of injunction till any question in relation thereto shall have been considered and determined by the court. The plaintiffs, therefore, did not err in applying to the parish court to revoke the order on the grounds stated in the petition, and in the meantime to restrain its execution till the parties could be heard.

The district court had no authority to revoke the order of the probate court, requiring and commanding the sale of succession property. And the only court competent to grant the relief sought by the plaintiffs is the one to which they applied in this case.

For the reasons stated I dissent in this case.

I concur in the opinion of Mr. Justice Wyly.

R. K. HOWELL.

Rehearing refused.